IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gloria A. Spires, ) | C/A No.: 3:11-2530-MBS-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | RULE TO SHOW CAUSE |
| ) | |
| Ingersoll Rand Trane, American ) | |
| Standard, and Advanced Ergonomics, ) | |
| Inc., ) | |
| ) | |
| Defendants. ) | |

Plaintiff is directed to show cause why the caption in this matter should not be amended to reflect Trane U.S. Inc. ("Trane") as the sole defendant in this matter. In its answer to the Amended Complaint, Trane indicated that it was Plaintiff's employer during the relevant time period and therefore the proper defendant in this action. Trane further submitted that Ingersoll Rand Trane is not a legal entity and does not exist. Trane submitted that American Standard Companies Inc. is the pre-2007 former name of Trane.

Plaintiff also names as a defendant Advanced Ergonomics Inc., which according to Trane is a separate and unrelated legal entity from Trane. Plaintiff has failed to provide proof of service of the Complaint or Amended Complaint upon Advanced Ergonomics Inc. Therefore, it appears that Plaintiff does not seek to pursue an action against Advanced Ergonomics Inc. and its dismissal from this case may be appropriate for failure to prosecute. Plaintiff is directed to file by March 29, 2012 a response showing cause why the caption should not be amended to reflect Trane as the sole

Defendant in this matter and why Advanced Ergonomics Inc. should not be dismissed. If Plaintiff fails to respond, the undersigned will recommend dismissal as to Advanced Ergonomics Inc. and that the caption be amended to reflect Trane as the sole defendant. Upon clarification of the identity of the proper defendants, the court will issue a scheduling order to govern the remainder of this case.

     IT IS SO ORDERED.

*Shiva V. Hodges*

March 15, 2012                      Shiva V. Hodges
Columbia, South Carolina       United States Magistrate Judge