IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gloria A. Spires, | C/A No.: 3:11-2530-TLW-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Ingersoll Rand and Trane U.S. Inc., | |
| Defendants. | |

In this employment discrimination case, plaintiff Gloria A. Spires ("Plaintiff") sues her former employer, Trane U.S. Inc. ("Trane"). She has also named Trane's parent company, Ingersoll Rand, as a defendant (collectively with Trane referred to as "Defendants"). Plaintiff alleges a disability discrimination claim pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"); unlawful denial of medical leave and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq ("FMLA"); and state law claims of promissory estoppel and equitable estoppel.

This matter comes before the court on Defendants' partial[1] motions to dismiss filed on May 17, 2012, pursuant to Fed. R. Civ. P. 12(b)(6). [Entry #27; Entry #28]. Plaintiff filed a response to the motions on June 4, 2012,[2] [Entry #29], and Defendants

---

[1] Defendants do not seek dismissal of Plaintiff's ADA or FMLA claims.
[2] In her response brief, Plaintiff sought permission to amend her complaint to add a breach of contract claim; however, Plaintiff withdrew this request at the hearing on December 20, 2010.

filed replies on June 14, 2012. [Entry #30; Entry #31]. The undersigned held a hearing on the motions to dismiss on December 20, 2012, and they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motions to dismiss are dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant the motions.

I.  Factual and Procedural Background

Plaintiff alleges she was previously employed by Trane as a production technician beginning in 2005. [Entry #24 at ¶¶ 21–22]. She claims that following an approved disability leave beginning on December 6, 2007, she was required to take a physical ability test ("PAT") before returning to work. *Id.* at ¶¶ 27, 29. She alleges upon information and belief, that Trane has a policy requiring employees taking short-term disability leave of 30 or more days to take a PAT. *Id.* at ¶ 31. She asserts she did not receive notice of this policy. *Id.* at ¶ 33. She states she was terminated by phone on April 28, 2008 because she was unable to pass the PAT. *Id.* at ¶ 24–25.

Plaintiff asserts that she has suffered a stroke and had myoclonic jerks or seizures. *Id.* at ¶¶ 79–81. She contends Trane knew of these conditions since 2005 and that her medical conditions did not prevent her from doing her job. *Id.* at ¶¶ 82, 85. She alleges that Trane had a policy in effect during her employment stating that it was committed to providing "each Employee a workplace free from any type of . . . discrimination associated with . . . disability status." *Id.* at ¶ 117.

2

Plaintiff contends that she filed a charge of disability with the Equal Employment Opportunity Commission ("EEOC") on or about January 13, 2009. *Id.* at ¶ 11. She filed suit in state court on April 27, 2011, alleging state and federal causes of action. [Entry #1-1 at 17–23]. Defendants removed the case to this court on September 20, 2011. [Entry #1]. Plaintiff asserts that she received a right to sue letter from the EEOC on November 15, 2011. [Entry #24 at ¶ 17]. She filed a first amended complaint on November 17, 2011 [Entry #11] and a second amended complaint on May 5, 2012 [Entry #24].

II.     Discussion

    A.     Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

B.  Analysis

1.  Promissory Estoppel Claim

Defendants argue that Plaintiff's promissory estoppel claim must be dismissed as a matter of law because such a claim is generally inapplicable to the at-will employment relationship. [Entry #27-2 at 3; Entry #28-2 at 3]. Defendants cite *Glover v. Lockhead Corp.*, 772 F. Supp. 898, 907 (D.S.C. 1991), for the proposition that at-will employment relationships are contractual and promissory estoppel is inapplicable in situations where a contract exists. Plaintiff responds that *Glover* was decided prior to *White v. Roche Biomedical Labs.*, 807 F. Supp. 1212, 1217 (D.S.C. 1992), in which the district court judge opined that, if confronted with the issue, the South Carolina Supreme Court would apply promissory estoppel in an at-will employment relationship under appropriate circumstances. [Entry #29 at 1–2]. In *White*, however, the plaintiff never worked for the defendant. *See* 807 F. Supp. at 1214–1215. Rather, he resigned from his prior job after receiving an offer of employment from the defendant. *Id.* at 1214. The defendant later withdrew the offer and the plaintiff filed suit alleging the existence of a contract of employment. *Id.* at 1214–1215. The *White* court found that the plaintiff could "recover for promissory estoppel only if his acceptance of the employment offer was insufficient to form a contract since, as noted, promissory estoppel is inapplicable where a contract exists." *Id.* at 1220.

Here, the parties do not dispute that Plaintiff was employed by Trane. The employer-employee relationship is contractual even where the relationship is for employment at will. *Id.* (citing *Glover*, 772 F. Supp. at 907). The *White* court recognized

4

that a promissory estoppel claim is not applicable where an employment contract exists. 807 F. Supp. at 1220; *see also Glover*, 772 F. Supp. at 907; *Peacock v. Dillon Cnty.*, C/A No. 4:09-3192, 2010 WL 5137133, at *2 (D.S.C. Sept. 20, 2010) ("[T]he at-will employment contract in the present case invalidates Plaintiff's claim for promissory estoppel and judgment as a matter of law is appropriate."), *adopted by* 2010 WL 5137187 (D.S.C. Dec. 10, 2010); *R.E. Phelon Co., Inc. v. Clarion Sintered Metals, Inc.*, C/A No. 1:04-1124-MBS, 2006 WL 2573136, at *12 (D.S.C. Sept. 5, 2006) ("Promissory estoppel is [] inapplicable in situations where a contract exists."). Because a contract existed between the parties in the present case, the undersigned recommends granting Defendants' motions to dismiss Plaintiff's promissory estoppel claim.[3]

### 2.     Equitable Estoppel Claim

Defendants also seek dismissal of Plaintiff's equitable estoppel claim. [Entry #27-2 at 6; Entry #28-2 at 6]. They contend, without authority, that there is no basis for such a claim where established remedies exist. *Id.* at 6. They also argue Plaintiff has failed to sufficiently plead the requisite elements. *Id.* at 6–8. Plaintiff disputes these assertions. [Entry #29 at 5–6].

To state a claim for equitable estoppel, Plaintiff must allege the following elements: (1) her ignorance of the truth as to the facts in question; (2) representations or conduct by Defendants which misled her; (3) reliance upon such representations or conduct; and (4) prejudicial change of position as the result of such reliance. *Campbell,*

---

[3] In light of the conclusion that a promissory estoppel cannot lie in this case, the undersigned has not analyzed whether Plaintiff has stated a prima facie case of promissory estoppel.

5

*Inc. v. Northern Ins. Co. of N.Y.*, 337 F. Supp. 2d 764, 770 (D.S.C. 2004) (citing *Pitts v. N.Y. Life Ins. Co.*, 148 S.E.2d 369, 371 (1966)).

Plaintiff must also allege the following elements as they relate to Defendants: (1) conduct that amounts to a false representation or concealment of material facts, or, at the least, which is calculated to convey the impression that the facts are other than, and inconsistent with, those that the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. *Campbell*, 337 F. Supp. 2d at 770 (citing *Southern Dev. Land and Golf Co., Ltd. v. South Carolina Pub. Serv. Author.*, 426 S.E.2d 748, 751 (1993).

In response to Defendants' argument that she has not sufficiently pled any of the elements of equitable estoppel, Plaintiff cites generally to the fact section of her second amended complaint. [Entry #29 at 5]. Although she briefly summarizes the allegations, she does not explain how they satisfy the elements of an equitable estoppel claim. *Id.* at 5–6. Specifically, Plaintiff has not identified the false representation or concealment of material facts that forms the basis of her claim. Nor has she alleged any intention or expectation by Defendants that Plaintiff would act on that conduct. It is Plaintiff's responsibility to plead a prima facie case and she has not sufficiently explained how the allegations in her complaint translate into the equitable estoppel elements set forth above. Consequently, the undersigned recommends dismissing Plaintiff's claim of equitable estoppel without prejudice.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motions to dismiss [Entry #27; Entry #28] be granted as to Plaintiff's promissory estoppel claim. The undersigned further recommends that Plaintiff's equitable estoppel claim be dismissed without prejudice with leave to file an amended complaint, if at all, within 15 days of the district court's order on Defendants' motions.

IT IS SO RECOMMENDED.

January 11, 2013                                            Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).