IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gloria A. Spires, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 3:11-cv-02530-TLW-SVH |
| ) | |
| Ingersoll Rand and Trane US Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER**

The plaintiff, Gloria A. Spires ("plaintiff"), brought this employment discrimination action on April 28, 2011 in state court in the Richland County Court of Common Pleas. (Doc. #1-1). Plaintiff asserts claims against her former employer, Trane U.S. Inc. ("Trane"), and Trane's parent company, Ingersoll Rand ("Ingersoll"), (collectively referred to as "defendants"), for disability discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"); unlawful denial of medical leave and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"); and state law claims for promissory estoppel and equitable estoppel. (Doc. #1-1). The defendants removed this action to federal court on September 20, 2011. (Doc. #1). The defendants each filed a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on May 17, 2012.[1] (Doc. #27; #28).

This matter now comes before this Court for review of the Report and Recommendation (the "Report") filed on January 11, 2013 by United States Magistrate Judge Shiva V. Hodges. (Doc. #35). In the Report, Magistrate Judge Hodges recommends that this Court grant the

---

[1] The defendants' motions to dismiss only seek the dismissal of the two state law claims of promissory estoppel and equitable estoppel; the defendants did not move for dismissal of the plaintiff's ADA or FMLA claims. (See Doc. #27; #28).

defendants' motions to dismiss (Doc. #27; #28) with regard to plaintiff's promissory estoppel claim. Further, the Magistrate Judge recommends that this Court grant defendants' motions to dismiss plaintiff's equitable estoppel claim without prejudice and with leave to file an amended complaint, if at all, within fifteen (15) days of the entry of the District Court's Order. (See Doc. #35). The plaintiff filed Objections to the Report on February 11, 2013. (Doc. #39). The defendants filed replies to plaintiff's objections on March 1, 2013. (Doc. #43; #44).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, this Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, this Court has reviewed, de novo, the record in this case, the Report and Recommendation, plaintiff's objections, and defendants' replies.

After careful review, this Court chooses not to accept the Magistrate Judge's Report and Recommendation at this time. (Doc. #35). Although the Magistrate Judge's position is well-reasoned, this Court chooses to let the plaintiff's promissory estoppel and equitable estoppel

claims survive at this stage of the litigation, pending further factual development and consideration of the claims at a later time, upon request.

Accordingly, it is hereby **ORDERED** that the defendants' partial motions to dismiss plaintiff's promissory estoppel and equitable estoppel claims (Doc. #27; #28) are **DENIED**.

It is further **ORDERED** that the above-captioned action is hereby referred back to the Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.) and for the entry of a Scheduling Order, addressing any motions to amend, as appropriate.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

March 15, 2013
Columbia, South Carolina